IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF JAMES WILEY, AS GENERAL GUARDIAN OF EMILY L. MIDDLETON. EMILY L. MIDDLETON, PETITIONER, RESPONDENT.

LAURA E. WILEY, AS ADMINISTRATRIX DE BONIS NON OF THE GOODS, ETC., OF JAMES WILEY, DECEASED, WHO WAS THE GENERAL GUARDIAN OF EMILY L. MIDDLETON, APPELLANT.

*Administratrix of a deceased general guardian — may be called upon, immediately on her appointment, to account for the infant's estate — Code of Civil Procedure, sec. 2606.*

On appeal from a surrogate's order, requiring the administratrix of the goods, etc., of James Wiley, deceased, to render an account of the proceedings of the intestate, as general guardian of Emily L. Middleton, it appeared that letters of administration had only been issued some twenty days prior to the time that the order was made, and it was claimed that as one year had not expired since letters were issued, the surrogate was without jurisdiction to compel the administratrix to account in the premises.

*Held,* that this objection was not well taken, as the right to compel such an accounting is conferred by section 2606 of the Code of Civil Procedure.

That the word "decedent" in said section referred to an executor, administrator, guardian or testamentary trustee who had died.

That the representative of a deceased trustee or guardian might be called upon, without waiting for the final settlement of the estate of the deceased, to render an account of the proceedings of his intestate, as such trustee or guardian, where his intestate had been appointed as such.

APPEAL by Laura E. Wiley, the administratrix *de bonis non* of the goods, chattels and credits of James Wiley, deceased, from an order made at a Surrogate's Court, held in and for the county of New York on the 19th day of October, 1889, and entered therein on that day, whereby it was ordered, pursuant to the prayer of the petition of Emily L. Middleton, that Emily E. Wiley, as administratrix *de bonis non* of the goods, chattels and credits of James Wiley, deceased, the late general guardian of said Emily L. Middleton, be and appear before the surrogate of the county of New York on the 31st day of October, 1889, at ten and one-half o'clock in the forenoon of that day, and render an account of the proceedings of the said James Wiley, as general guardian of the said Emily L. Middleton, and attend the judicial settlement of the same, or show cause why an attachment should not issue against her.

The petition of Emily L. Middleton showed that on the 10th day of April, 1882, letters of general guardianship of the estate of the petitioner, who was then an infant, had been issued to James Wiley, who had duly qualified and entered upon the discharge of the duties of his trust and taken possession of the property of the petitioner; that said James Wiley died intestate on or about the 3d day of October, 1884, and that letters of administration upon his estate were granted by the surrogate of the county of New York to Laura E. Wiley on or about the 20th day of September, 1889. The petition was verified on September 23, 1889, and pursuant to the prayer thereof, Laura E. Wiley, as administratrix, was cited to render an account before the Surrogate's Court of the county of New York on October 10, 1889.

*E. P. Wilder*, for the administratrix, appellant.

*George Putnam Smith* and *E. C. Perkins*, for the petitioner, respondent.

VAN BRUNT, P. J. :

It appears that James Wiley, deceased, was appointed general guardian of the estate of the respondent by the surrogate of this county ; that by his account, filed on the 1st of January, 1884, he showed himself to be in possession of her estate ; that he died on

the 23d of October, 1884, and on September 20, 1889, the appellant,. Laura E. Wiley, was appointed his administratrix.   The respondent attained her majority on the 8th of November, 1888.    The respondent having presented her petition to the surrogate of New York county to compel an accounting, the surrogate on the 26th of September, 1889, issued a citation to Laura E. Wiley, requiring her to show cause on the 10th of October, 1889, why she should not render and settle an account of the proceedings of James Wiley, deceased, as guardian of the respondent.   Upon the return of this. order, the appellant filed an affidavit setting up that she had only received her letters of administration on the twentieth of September preceding ; that one year had not expired since letters were issued to her, and that by reason thereof the surrogate was without jurisdiction in the premises to compel her to account ; that the appellant since her appointment had retained counsel to aid her in making diligent search for, and to recover possession of the property of the trust estate of which the deceased was guardian ; that no portion had come into her hands, but that she believed considerable portions of it might be recovered by proper actions brought. therefor.

The learned surrogate, upon the hearing, directed the administratrix to render an account of the proceedings of said James Wiley, as general guardian of the respondent, and from the order thereupon entered, this appeal is taken.   The objection which seems to be urged is, that the surrogate had no jurisdiction to compel the accounting, one year not having expired since the issuing of the letters of administration.   We think this objection is not well founded, as the right to compel such accounting seems to be distinctly conferred by section 2606 of the Code, where it is provided that the Surrogate's Court shall have the same jurisdiction to compel an executor or administrator of the decedent to account, which it would have had against the decedent if his letters had been revoked.   The word " decedent" refers to an executor, administrator, guardian or testamentary trustee who has died.

Prior to this provision of the Code, it would appear that there was no way in which such an accounting might be compelled except upon filing a bill in equity, and the cumbersomeness of this proceeding was intended to be avoided by the provision in the Code to which

attention has been called. It seems to be clear that it was the intention that the representative of the deceased trustee or guardian might be called upon to render an account of the proceedings of his intestate where such intestate had been a guardian or trustee without waiting for the final settlement of the estate of such deceased guardian or trustee. It was simply calling upon the representative of the deceased guardian or trustee to render an account of his trust, and had nothing to do with the general accounting in respect to the whole of his estate.

In view of this provision of the law, there does not seem to have been any want of power on the part of the surrogate to order the accounting; and the mere fact that the general guardian had dissipated his ward's estate does not seem to render it proper that extraordinary delays should be indulged in, in determining the deficiency which may exist.

The order should be affirmed, with ten dollars costs and disbursements.

BARTLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.